**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| MUK SIEN HIOE, | No. 08-73053 |
| Petitioner, | Agency No. A099-361-178 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Muk Sien Hioe, a native and citizen of Indonesia, petitions pro se for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision ("IJ") denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We review de novo claims of due process violations. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The IJ found Hioe not credible for several reasons, including discrepancies regarding Hioe's employment history and his failure to provide additional supporting documents to corroborate his claim of being employed in Bali at the time he was allegedly attacked in Jakarta. These findings provide substantial evidence to support the IJ's adverse credibility determination. *See Shrestha*, 590 F.3d at 1040-47. Contrary to Hioe's contention in his opening brief, the IJ did not discredit his claim of being an ethnic Chinese Christian. We lack jurisdiction to review Hioe's pattern or practice claim because he did not raise it before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). In the absence of credible testimony, Hioe's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Hioe's CAT claim relies on the same statements the agency found not credible, and he does not point to any other evidence in the record that compels

the finding it is more likely than not he would be tortured by or with the acquiescence of the government if returned to Indonesia, his CAT claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

Hioe's due process claim fails because the BIA adopted and affirmed the IJ's decision in its entirety, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994). *See Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc) (*Burbano* affirmance signifies that the BIA has conducted an independent review of the record and has determined that its conclusions are the same as those articulated by the IJ).

Finally, we decline to consider the documents Hioe attached to his opening brief because they are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**